# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Criminal Action No.:6:08-cr-00457-JMC |
| ) | |
| v. ) | **ORDER AND OPINION** |
| ) | |
| Maurice Xavier Cruell, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant Maurice Xavier Cruell's ("Cruell") Motion to Reduce Sentence (ECF No. 112). Cruell is a prisoner serving a sentence of 188-months in the Bureau of Prisons and requests a sentence reduction in accordance with the First Step Act. (*See* ECF No. 57.) For the reasons set forth below, the court **GRANTS** Cruell's Motion to Reduce Sentence (ECF No. 112).

## I. RELEVANT BACKGROUND TO PENDING MOTIONS

On November 13, 2008, the Grand Jury charged Cruell with four counts in the Superseding Indictment:

> (1): That on or about June 24, 2007, in the District of South Carolina, the Defendant, MAURICE XAVIER CRUELL, a/k/a "Clute", knowingly, intentionally and unlawfully did possess with intent to distribute 5 grams or more of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance; In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).
>
> (2): That on or about August 22, 2007, in the District of South Carolina, the Defendant, MAURICE XAVIER CRUELL, a/k/a "Clute", knowingly, intentionally and unlawfully did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance; In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).
>
> (3): That on or about September 7, 2007, in the District of South Carolina, the Defendant, MAURICE XAVIER CRUELL, a/k/a "Clute", knowingly, intentionally and unlawfully did distribute a quantity of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance; In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

(4): That on or about July 23, 2008, in the District of South Carolina, the Defendant, Maurice Xavier Cruell, a/k/a "Clute", knowingly, intentionally and unlawfully did possess with intent to distribute 5 grams or more of cocaine base (commonly known as "crack" cocaine), a Schedule II controlled substance; In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B).

(ECF No. 32 at 1-2)

On December 18, 2008, Cruell pleaded guilty to all four counts in the Superseding Indictment. (ECF No. 57.) On June 10, 2019, Cruell filed a Motion to Reduce Sentence pursuant to the First Step Act of 2018. (ECF No. 112.) On December 10, 2019, the United States of America ("Government") and counsel for Cruell filed a "Consent Response for Relief Under First Step Act of 2018" in Support of Cruell's Motion to Reduce Sentence. (ECF No. 127.) In the joint Motion, both parties "agree that the Defendant is eligible for a reduction as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed." (ECF No. 127 at 1.) Additionally, the Defendant waived any sentencing hearing. (*Id*.)

## II. ANALYSIS

On December 21, 2018, Senate Bill 756 or the "First Step Act of 2018" was signed into law. S.756, 115th Cong. (2018) (enacted). Section 404 of the First Step Act permits offenders who were sentenced before the enactment of The Fair Sentencing Act of 2010 to petition the court for a sentence reduction. Pub. L. No. 115-391; 124 Stat. at 2372 (2018). The described purpose of the Fair Sentencing Act was "[t]o restore fairness to Federal cocaine sentencing." Pub. L. No. 111-220, 124 Stat. at 2372 (2010). The Fair Sentencing Act raises the amounts of crack cocaine in possession of the offender that would trigger a mandatory sentence. *United States v. Wirsing*, 943 F.3d 175, 178 (4th Cir. 2019). The First Step Act provides a vehicle for defendants sentenced "under a starkly disparate regime to seek relief that has already been available to later-sentenced

defendants for nearly a decade." All "defendants who are serving sentences for violations of 21 U.S.C. § 841(b)(1)(A)(iii) and (B)(iii), and who are not excluded pursuant to the expressed limitations in Section 404(c) of the First Step Act, are eligible to move for relief under that Act." (*Id*.) District courts then "may," at their discretion, "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed." First Step Act § 404(b), 132 Stat. at 5222 (citation omitted).

Here, the court agrees with the parties and **FINDS** that the Defendant is eligible for a sentence reduction because he committed offenses covered under the Act and this case falls squarely within the First Step Act's retroactive nature. *United States v. Wirsing*, 943 F.3d 175, 178.

## III.  CONCLUSION

The court hereby **GRANTS** Cruell's Motion to Reduce Sentence (ECF No. 112.). The court **HEREBY** reduces Cruell sentence of 188 months imprisonment to 151 months. All other aspects of Cruell's sentence remain unchanged.

*J. Michelle Childs*
United States District Judge

February 10, 2020
Columbia, South Carolina

2